IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE DREW,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MURPHY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 23-cv-01096-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court following the ruling by the Seventh Circuit Court of Appeals in *Drew v. Unit Case Manager Murphy,* No. 24-1116 (7th Cir. July 15, 2024) affirming this Court's dismissal of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff Andre' Drew, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed this lawsuit for the violations of his constitutional rights under Eighth and Fifth Amendments and pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §§701-06, and the Freedom of Information Act (FOIA), 5 U.S.C. §522 *et seq*. (Doc. 1). The Court conducted a merit review of the Complaint pursuant to Section 1915A and found that Plaintiff had failed to state a claim for relief. (Doc. 11). The Complaint was dismissed without prejudice, and Plaintiff was granted leave to amend. Rather than filing an amended complaint, however, Plaintiff appealed the dismissal. (Doc. 12). The case was stayed until the appeal had been resolved. (Doc. 17).

The Seventh Circuit has now issued a ruling in Plaintiff's appeal, the stay is lifted, and the Court may move forward with this case. There seems to be discrepancies with the procedural

posture of this case. As mentioned, at the time of Plaintiff's appeal, the Court had set a deadline to file an amended complaint to give him one last chance to plead his claims. Judgment has not been entered in this case. On appeal, in his appellate brief, Plaintiff stated he was appealing the Court's "judgment and order" and asked the Seventh Circuit to "revers the District Court's dismissal of his case." *Drew v. Unit Case Manager Murphy*, No. 24-1116 (7th Cir. April 12, 2024, Doc. 12, p. 1, 34). Based on Plaintiff's briefing and the record, the appellate court affirmed "the judgment" of this Court. (Doc. 30-2, p. 2). The Seventh Circuit found that the Court correctly ruled that the doctrine of claim preclusion bars Plaintiff's constitutional claims and claims under the Administrative Procedure Act (Counts 1-5). (Doc. 30-2, p. 3-4). The Seventh Circuit also affirmed the Court's dismissal of Plaintiff's claim under the Freedom of Information Act (Counts 6-7). (*Id.*).

Because the Seventh Circuit Court agreed that Plaintiff has failed to state a claim, the Court will not reinstitute the deadline to file an amended complaint and finds that allowing Plaintiff further opportunity to amend would now be futile. *See e.g. Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). The Seventh Circuit has made clear that Plaintiff is barred from bringing the majority of his claims under the doctrine of claim preclusion. The Seventh Circuit further affirmed this Court's ruling that the Freedom of Information Act does not create a cause of action against individual federal employees and that an agency had not improperly withheld his requested documents. Given the chance, Plaintiff will be unable to remedy these issues. Accordingly, the Complaint and this case are **DISMISSED with prejudice** as frivolous and for a failure to state a claim. This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). *See Gleash v. Yuswak,* 308 F. 3d 758, 761-62 (7th Cir. 2002) (finding suit "barred by claim preclusion, is frivolous").

The Clerk of Court is **DIRECTED** to enter judgment and close this case accordingly.

**IT IS SO ORDERED.**

**DATED:   July 29, 2024**

                                                 _s/Stephen P. McGlynn_
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**